UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

NORMAN CAMPBELL,

    Plaintiff,

v.

BLUE STREAM COMMUNICATIONS, LLC,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, NORMAN CAMPBELL ("Plaintiff"), files the following Complaint for Damages and Demand for Jury Trial against Defendant, BLUE STREAM COMMUNICATIONS LLC ("Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action arising under Title VII of the 1964 Civil Rights Act ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq., and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01-760.11 ("FCRA"). Plaintiff is a black Jamaican man with over 25 years of experience as a service technician. Plaintiff holds a certification in fiber optics and was hired by Defendant in June 2018 as a technician. During his employment Plaintiff was an excellent employee with no history of misconduct or other disciplinary action. Plaintiff applied for a promotion on numerous occasions. Notwithstanding Plaintiff's vast experience and certification in fiber optics, Defendant intentionally discriminated against Plaintiff on the basis of his race and national origin by promoting other non-black and non-Jamaican candidates with significantly less experience than Plaintiff. Defendant also discriminated against other qualified black and Jamaican employees by

failing to promote them in favor of other non-black and non-Jamaican individuals. In July 2021 Plaintiff and other black and Jamaican employees raised complaints regarding this pattern of discriminatory conduct in the workplace. Just days after informing Human Resources of this race and national origin discrimination, and the Defendant's failure to promote, Plaintiff was abruptly terminated. This is an action to seek vindication of Plaintiff's civil rights against Defendant for its failure to promote on the basis of Plaintiff's race and national origin and the unlawful termination of Plaintiff's employment predicated solely upon the basis of his participation in a protected activity under federal and state law.

## PARTIES, JURISDICTION, AND VENUE

2. At all times material hereto, Defendant is and was a Delaware limited liability company authorized, operating, and licensed to do business in the State of Florida.

3. Defendant employed more than 15 individuals and has been a covered "employer" within the meaning of Title VII and the FCRA, at all times relevant to this Complaint.

4. Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and the FCRA.

5. Plaintiff was an "employee" of Defendant and an "aggrieved person" within the meaning of 42 U.S.C. § 2000e(f) and the FCRA § 760.02(10), from on or about June 2018, through on or about August 12, 2021.

6. This Honorable Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 § U.S.C. 1343, 28 U.S.C. § 1367, 42 U.S.C. § 2000e(5)(f)(3), and Fla. Stat. § 760.11 and §§ 761.03-761.04.  All conditions precedent to jurisdiction have occurred:

   (a) Plaintiff filed Charge of Discrimination No. 510-2022-01280 with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on

    Human Relations ("FCHR") within 300 days of being victimized of Defendant's unlawful employment practices;

    (b) Prior to filing this action, the EEOC and FCHR issued a Notice of Right to Sue letter;

    (c) This Complaint was filed within 90 days of Plaintiff's receipt of the EEOC and FCHR's Notice of Right to Sue.

7.   A substantial majority of the acts and/or omissions complained of herein occurred in Broward County, within the Southern District of Florida. Venue is therefore proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c).

## FACTUAL BACKGROUND

8.   Plaintiff is a black Jamaican male with over 25 years of experience as a service technician who holds a certification in fiber optics.

9.   Defendant is a fiber-optic provider with 40 years of experience bringing TV, internet and phone services to Homeowners' Associations, condo associations and neighborhoods throughout the state of Florida.

10.   Defendant hired Plaintiff in June 2018 to work as a Service Technician.

11.   During all times pertinent to his employment Plaintiff was an excellent employee with no significant history of misconduct or other disciplinary action.

12.   On several occasions during his employment Plaintiff notified his supervisor, Jeff Glaser ("Mr. Glaser"), that he held a certification in fiber optics.

13.   Plaintiff applied for a promotion in 2020 which was handled by Mr. Glaser.

14.   Plaintiff was not given the promotion and was notified that a Hispanic employee who had *just started* working for the company was given the promotion instead of Plaintiff.

15. In June 2021 Plaintiff applied for another promotion, which was also handled by Mr. Glaser.

16. This time, Plaintiff applied for an opening as a Fiber Splicer Technician.

17. After submitting for this position Plaintiff was contacted by one of Defendant's recruiters concerning the Fiber Splicer Technician position and was given an interview with Mr. Glaser.

18. The interview was brief. During the interview, Mr. Glaser told Plaintiff that he was not going to consider him for the Fiber Splicer Technician position and that he did not even want to interview him. Mr. Glaser also told Plaintiff that he should pursue a "lower paying position" in the company such as a property management position because it would be more appropriate for "someone like him".

19. Plaintiff responded by telling Mr. Glaser that he was seeking the Fiber Splicer Technician position because he: (a) was a technician; (b) had 25 years of experience as a technician; (c) had a favorable history with the company; and (d) had a certification in fiber optics.

20. Plaintiff also advised Mr. Glaser that he had no experience or expertise in property management and was therefore not an appropriate candidate for that lower paying position.

21. Before the interview concluded Plaintiff inquired as to why he had been scheduled for the interview if Mr. Glaser was not even going to consider him for the Fiber Splicer Technician position.

22. However, Mr. Glaser quickly ended the meeting and refused to answer Plaintiff's question. Just a few days later, Mr. Glaser hired a white non-Jamaican male for the Fiber Splicer Technician position.

23. On or about July 2, 2021, Plaintiff sent an e-mail to the HR Department complaining about his recent experiences with the company. Plaintiff cited the two promotion incidents and explained that he felt as though he was passed over for these positions (and encouraged to apply for lower paying positions) because of his race, skin color, and national origin. Plaintiff explained that non-black Jamaicans were being selected for all of the promotions.

24. A few weeks later, the HR Department held a meeting with the technicians in the company. During this meeting several black and/or Jamaican technicians, including Plaintiff, raised complaints of discrimination against black minorities within the company.

25. At the end of this meeting, Kelly, one of the officers of the company who was in attendance, pulled Plaintiff aside and asked about the discriminatory conduct he addressed during the meeting. Plaintiff elaborated about the racial and national origin discrimination that he experienced at work. Kelly promised Plaintiff that she would "look into the issues."

26. However, the following week Defendant terminated Plaintiff's employment without any explanation or justification, and without any explanation from Kelly.

27. To the extent that Defendant attempts to claim that Plaintiff's termination was non-discriminatory and/or non-retaliatory, such justification is merely pre-text and a cover up from Defendant's unlawful discrimination and retaliatory discharge of Plaintiff.

### COUNT I – VIOLATION OF TITLE VII – RACE DISCRIMINATION
**(Failure to Promote)**

28. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 27 above as though fully set forth herein.

29. At all times material, Defendant and Defendant's employees knew that Plaintiff was black.

30. On multiple occasions during his employment Plaintiff applied for promotion.

31. Defendant refused to promote Plaintiff on the basis of his race.

32. Defendant chose to promote other non-black individuals who were less qualified that Plaintiff.

33. Defendant violated Plaintiff's statutory rights to be free of discrimination with respect to Plaintiff's race.

34. Defendant, through its employees, subjected Plaintiff to race discrimination by failing to promote him. Defendant violated Plaintiff's civil rights which are secured to him by federal law within Title VII, *42 U.S.C. § 2000e*.

35. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer a loss of income, damage to career, loss of career opportunity, emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

36. At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and state statutory rights of Plaintiff, justifying an award of punitive damages. Defendant knew of and was deliberately indifferent to the discrimination and retaliation, and failed to take prompt, effective or remedial action.

WHEREFORE, Plaintiff, NORMAN CAMPBELL, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; (e) award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages; (g) enjoin Defendant, its officers, agents,

employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

**COUNT II – VIOLATION OF TITLE VII – NATIONAL ORIGIN DISCRIMINATION**

37. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 27 above as though fully set forth herein.

38. At all times material hereto, Defendant and Defendant's employees knew that Plaintiff was Jamaican.

39. Defendant's employees discriminated against Plaintiff in the workplace on the basis of his national origin.

40. Defendant allowed and/or permitted its employees to engage in this conduct by refusing to promote Plaintiff on the basis of his national origin.

41. Defendant was in violation of Plaintiff's statutory rights to be free of discrimination with respect to the terms, conditions or privileges on the basis of his national origin.

42. Defendant subjected Plaintiff to national origin discrimination. The conduct of Defendant and its employees, described in this Complaint, violated civil rights secured to Plaintiff under Title VII, *42 U.S.C. § 2000e*.

43. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer a loss of income, damage to career, loss of career opportunity, emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

44. At all times material hereto, Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and state statutory rights of Plaintiff, justifying an award of punitive damages. Defendant knew of and were deliberately indifferent to the discrimination and retaliation, and failed to take prompt, effective remedial action.

WHEREFORE, Plaintiff, NORMAN CAMPBELL, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; (e) award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages; (g) enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

## COUNT III – VIOLATION OF TITLE VII – RETALIATAION

45. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 27 above as though fully set forth herein.

46. Plaintiff is, and at all times relevant herein was, a black male.

47. Plaintiff is, and at all times relevant herein was, Jamaican.

48. Plaintiff engaged in actions protected by Title VII, 42 U.S.C. § 2000e et seq., to stop what he believed, in good-faith, were discriminatory acts that Defendant allowed to permeate the workplace, including, but not limited to, making numerous oral and written complaints

regarding unlawful race and national origin discrimination to the Human Resources department and officers of the company.

49. Because of Plaintiff's protected actions, Defendant retaliated against Plaintiff by, among other things, terminating Plaintiff in direct response to submitting his complaints of discrimination in the workplace.

50. Defendant also refused to promote Plaintiff because of his complaints about unlawful discrimination in the workplace.

51. Plaintiff's termination would not have happened but-for his protected activity.

52. Defendant's retaliation against Plaintiff because of his protected actions was intentional. Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

53. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

WHEREFORE, Plaintiff, NORMAN CAMPBELL, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; (e) award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages; (g) enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating

against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

## **COUNT IV - VIOLATION OF THE FCRA – RACE DISCRIMINATION**

54. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 27 above as though fully set forth herein.

55. Defendant violated Plaintiff's statutory right to be free of discrimination with respect to his race in the workplace.

56. Defendant subjected Plaintiff to race discrimination. The conduct of Defendant and its employees, described in this Complaint, violated rights secured to Plaintiff by the Florida Civil Rights Act ("FCRA").

57. Defendant failed to promote Plaintiff on the basis of his race – an express violation of the FCRA.

58. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer a loss of income, damage to career, loss of career opportunity, emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

59. At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and state statutory rights of Plaintiff, justifying an award of punitive damages. Defendant knew of and were deliberately indifferent to the discrimination and retaliation, and failed to take prompt, effective remedial action.

WHEREFORE, Plaintiff, NORMAN CAMPBELL, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; (e) award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages; (g) enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

**COUNT V – VIOLATION OF THE FCRA – NATIONAL ORIGIN DISCRIMINATION**

60. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 27 above as though fully set forth herein.

61. Defendant discriminated against Plaintiff with respect to the terms, conditions or privileges of Plaintiff's job and job opportunities because of his national origin.

62. Defendant subjected Plaintiff to national origin discrimination. The conduct of Defendant and its employees, described in this Complaint, violated rights secured to Plaintiff by the FCRA.

63. Defendant failed to promote Plaintiff on the basis of his national origin – an express violation of the FCRA.

64. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer a loss of income, damage to career, loss of career opportunity, emotional

distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

65. At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and state statutory rights of Plaintiff, justifying an award of punitive damages. Defendant knew of and were deliberately indifferent to the discrimination and retaliation, and failed to take prompt, effective remedial action.

WHEREFORE, Plaintiff, NORMAN CAMPBELL, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; (e) award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages; (g) enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

### **COUNT VI – VIOLATION OF THE FCRA – RETALIATION**

66. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraphs 1 through 27 above as though fully set forth herein.

67. Plaintiff is, and at all times relevant herein was, black male.

68. Plaintiff is, and at all times relevant herein was, Jamaican.

69. Plaintiff engaged in actions protected by the FCRA to stop what he believed in good-faith to be discrimination that Defendant had allowed to permeate the workplace, including, but not limited to, making numerous oral requests to Human Resources and officers of the company.

70. Plaintiff also complained to Human Resources and officers of the company that he was subjected to unlawful race and national origin discrimination.

71. Because of Plaintiff's protected actions, Defendant retaliated against Plaintiff by, among other things, terminating Plaintiff.

72. Plaintiff's termination would not have happened but-for his protected activity.

73. The conduct of the Defendant in retaliating against Plaintiff because of his protected actions was intentional. Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally and state protected rights of the Plaintiff.

74. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

WHEREFORE, Plaintiff, NORMAN CAMPBELL, respectfully requests that this Honorable Court enter judgment in his favor, and: (a) award Plaintiff actual damages suffered; (b) award Plaintiff front and back pay; (c) award Plaintiff reinstatement; (d) award Plaintiff compensatory damages under the FCRA for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer; (e) award Plaintiff prejudgment interest on his damages award; (f) award Plaintiff punitive damages; (g) enjoin Defendant, its

officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any other employee; (h) award Plaintiff reasonable costs and attorney's fees incurred in the prosecution of these claims; and any other such further relief as this Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, NORMAN CAMPBELL, hereby requests and demands a trial by jury on all appropriate claims set forth within this Complaint.

**Dated this 10th of February 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
(954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
jordan@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

I HERE CERTIFY that the foregoing document was filed via CM/ECF on February 10, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: